UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

J.R., a Minor, By His M/N/G HSEINA CROSBY,

                                Plaintiff,

          -against-

CITY OF NEW YORK, DANIEL MCFADDEN, Individually,
BRIAN KOVARIK, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                               Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

16 CV 6928 (LAP)

<u>Jury Trial Demanded</u>

      Plaintiff J.R., a Minor, By His M/N/G HSEINA CROSBY, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**<u>Preliminary Statement</u>**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

**<u>JURISDICTION</u>**

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**<u>VENUE</u>**

      4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff J.R. is a seventeen-year-old Hispanic American resident of the State of New York, Bronx County.

7.      Plaintiff HSEINA CROSBY is the mother and natural guardian of J.R.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants DANIEL MCFADDEN, BRIAN KOVARIK, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

13.     On September 4, 2015 at approximately 4:30 p.m., in the vicinity of 1932 Crotona Parkway, Bronx, New York, defendant NYPD officers DANIEL MCFADDEN and BRIAN KOVARIK, subjected plaintiff J.R. to excessive force and unlawfully arrested him.

14.     Although plaintiff was standing on a public sidewalk and not engaged in any unlawful behavior, defendant officers MCFADDEN and KOVARIK pulled their marked police vehicle over near plaintiff, exited their vehicle, and defendant MCFADDEN called plaintiff over to them.

15.     Plaintiff complied and walked over to the officers.

16.     Defendant MCFADDEN grabbed plaintiff, turned him around, pushed his chest and face down on the hood of the police vehicle and handcuffed plaintiff in an over tight manner, resulting in injuries to plaintiff's wrists.

17.     Plaintiff was then imprisoned in a police vehicle.

18.     While in the police vehicle, plaintiff asked what he had done and where the officers were taking him.

19.     Defendant MCFADDEN responded by telling plaintiff to shut up before he maced him.

20.     The defendant officers transported plaintiff to the NYPD 48th Police Precinct.

21.     Upon arrival at the precinct, plaintiff was searched and then held in the precinct, with one hand cuffed to a bench, until approximately 1:00 a.m. on September 5, 2015.

22.     Plaintiff was then transported in police custody to Horizon Juvenile Detention Center, which is a juvenile detention center owned, operated and controlled by defendant City of

New York, where he was imprisoned in a cell until approximately 8:00 a.m. on September 5, 2015, before being transported to New York County Family Court, where he was further imprisoned.

23.     Plaintiff was released from New York County Family Court at approximately 11:00 a.m., after being informed by City prosecutors that he needed to appear in Bronx County Family Court on October 1, 2015.

24.     Plaintiff appeared, as instructed, on October 1, 2015 and was informed by City prosecutors that no charges had yet been filed against him.

25.     On October 30, 2015, defendant City of New York's Office of the Corporation Counsel, the statutory presentment agency for juvenile delinquency charges in New York City, determined that no petition would be filed against plaintiff, and all charges were consequently dismissed and sealed.

26.     As a result of the defendants' conduct, plaintiff was imprisoned and compelled to appear in Family Court.  The defendant officers issued process to plaintiff with malice, for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the abovementioned abuses of authority.

27.     Defendants MCFADDEN, KOVARIK, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

28.     Defendants MCFADDEN and KOVARIK owed a duty to plaintiff not to arrest him without probable cause and to ensure his safety in their custody.

29.     Defendants MCFADDEN and KOVARIK breached their duty to plaintiff when

4

they arrested him without probable cause and improperly handcuffed him resulting in plaintiff sustaining loss of liberty and physical injuries.

30.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate training of its employees with respect to the probable cause necessary to arrest individuals and pursuant to a custom or practice of falsely arresting individuals.

31.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding probable cause, resulting in a custom or practice of false arrests.

32.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35.    All of the aforementioned acts deprived plaintiff J.R. of the rights, privileges and

immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     As a result of the foregoing, plaintiff J.R. sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**<u>Federal Claims</u>**

**AS AND FOR A FIRST CAUSE OF ACTION**
<u>(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)</u>

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendant officers arrested plaintiff J.R. without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41.     Defendant officers caused plaintiff J.R. to be falsely arrested and unlawfully imprisoned.

42.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual

defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff J.R.'S constitutional rights.

45.     As a result of the aforementioned conduct of the defendant officers, plaintiff J.R. was subjected to excessive force and sustained physical injuries and emotional distress.

46.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants issued criminal process against plaintiff J.R. by causing his arrest and forcing him to appear in New York County Family Court and Bronx County Family Court.

49.     Defendants caused plaintiff J.R. to be arrested and to appear in Family Court in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their misconduct, and thereby violated plaintiff's right to be free from malicious abuse of process.

50.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants had an affirmative duty to intervene on behalf of plaintiff J.R., whose constitutional rights were being violated in their presence by other officers.

53.     The defendants failed to intervene to prevent the unlawful conduct described herein.

54.     As a result of the foregoing, plaintiff J.R. was falsely arrested and subjected to excessive force, and he was put in fear of his safety.

55.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly

8

supervise and train their subordinate employees.

58.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61.     The City of New York engaged in a policy, custom or practice of inadequate training and supervision of its employees with respect to the probable cause necessary to arrest individuals that was the moving force behind the violation of plaintiff J.R.'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein and allowed a custom or practice of false arrest.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff J.R.

63.     The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff J.R. as alleged herein.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff J.R. as alleged herein.

65.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff J.R. was unlawfully seized, detained, incarcerated, and subjected to physical abuse.

66.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff J.R.'S constitutional rights.

67.     All of the foregoing acts by defendants deprived plaintiff J.R. of federally protected rights, including, but not limited to, the right:

    A.     To be free from false arrest/unlawful imprisonment;

    B.     To be free from excessive force;

    C.     To be free from malicious abuse of process; and

    D.     To be free from the failure to intervene.

68.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## **Supplemental State Law Claims**

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,

presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

74.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     As a result of the foregoing, plaintiff J.R. was placed in apprehension of imminent harmful and offensive bodily contact.

77.     As a result of defendant's conduct, plaintiff J.R. has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

78.     The individually named defendants assaulted plaintiff.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

79.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in

an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(<u>Battery under the laws of the State of New York</u>)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendants made offensive contact with plaintiff J.R. without privilege or consent.

82.     As a result of defendants' conduct, plaintiff J.R. has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

83.     The individually named defendants battered plaintiffs.  Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

84.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(<u>Malicious Abuse of Process under laws of the State of New York</u>)

85.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendants issued criminal process against plaintiff J.R. by causing him to be arrested and causing his appearance in New York Count and Bronx County Family Court.

87.     Defendants compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority.

88.     Defendant City, as employer of the individual defendants, is responsible for his wrongdoing under the doctrine of *respondeat superior.*

89.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who arrested, assaulted and battered, and maliciously issued criminal process to plaintiff J.R.

92.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

93.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who arrested, assaulted and battered, and maliciously issued criminal process to plaintiff.

96.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

99.     Defendant City, as employer of the defendant officers is responsible for their negligent acts under the doctrine of *respondeat superior*

100.     As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and

disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

101.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

103.    As a result of the foregoing, plaintiff J.R. is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff J.R. demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
January 23, 2017

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff J.R.
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:     _s/ Brett Klein_____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

J.R., a minor by his M/N/G HSEINA CROSBY,

                                      Plaintiff,

         -against-

CITY OF NEW YORK, DANIEL MCFADDEN, Individually,
BRIAN KOVARIK, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                     Defendants.

--------------------------------------------------------------------------------X

## AMENDED COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132